### STATE v. IVEY MANUEL CLARK.

(Filed 22 November, 1967.)

APPEAL by defendant from *Bickett, J.,* May 1967 Session of WARREN.

In a warrant issued by the Recorder's Court of Warrenton on 8 April 1967 defendant was charged with (1) driving 79 MPH in a 55 MPH speed zone on U. S. Highway No. 158, and (2) driving without an operator's license. The recorder found him guilty. Upon the first count, defendant was ordered to pay a fine of $10.00 and the costs; upon the second count, prayer for judgment was continued upon payment of the costs. Defendant appealed to the Superior Court, where he pled guilty to driving without a license and not guilty to speeding 79 MPH. The State's evidence tended to show:

On 8 April 1967, State Highway Patrolmen S. T. Webster and V. R. Vaughan were conducting a speed watch on that section of U. S. Highway 158 known as the Bypass around Warrenton, a 55 MPH speed zone. The two patrolmen had tested the speed clock (whammy), and it was working properly. At 7:25 p.m., Patrolman Webster observed defendant drive his white Lincoln automobile over the two tubes, which had been placed on the pavement 66 feet

apart and connected with the speed clock. The clock registered defendant's speed at 79 MPH and, in Webster's opinion, the Lincoln was traveling in excess of 75 MPH when he observed it cross the whammy. He followed defendant five-tenths of a mile to a rural paved road on which defendant made a right turn at a speed of 5-10 MPH. The patrolman stopped defendant after he had traveled about a half mile on this road at a speed of 25-30 MPH.

Defendant testified that at the time he crossed the whammy he was traveling 55-60 MPH and that he made the right turn into the crossroad at 10-15 MPH; that "running at 80 miles per hour, it would take half a mile to even slow down to apply brakes"; that he made a right turn in less than one-half mile from where he crossed the whammy. He also said, "If you apply the brakes very hard, it would require a couple of tenths of a mile to brake it down."

The court charged the jury that it might return one of four verdicts:

> "(1)  Guilty of driving a motor vehicle upon the highways of North Carolina at a speed in excess of 75 MPH;  (2) Guilty of driving a motor vehicle upon the highways of North Carolina in excess of 70 MPH;  (3)  Guilty of driving a motor vehicle upon the highways of North Carolina at a speed in excess of 55 MPH; or  (4)  not guilty."

The jury found defendant guilty of speeding in excess of 70 MPH. From the judgment that he pay a fine of $50.00 and the costs, defendant appealed.

*T. W. Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*
*John Kerr, Jr., for defendant.*

PER CURIAM.  The conflicting evidence presented a very simple issue for the jury's decision, which went against defendant. The record discloses no reasonable grounds to believe that any error prejudicial to defendant occurred during the trial. Each of defendant's assignments of error has been considered and overruled.

No error.